**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| AYLO PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus, <br><br> Plaintiff, <br><br> v. <br><br> IGOR KA AND JOHN DOES 1 – 20 d/b/a FREEPORN.GG, FULLHD.XXX, FULLPORN.XXX, FULLPORNO.XXX, FULL VIDEOS.XXX, OMG.XXX, AND WOW.XXX, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Aylo Premium Ltd ("Plaintiff" or "Aylo"), by and through its counsel of record, files this Complaint against Defendants Igor Ka and John Does 1–20 d/b/a freeporn.gg, fullhd.xxx, fullporn.xxx, fullporno.xxx, fullvideos.xxx, omg.xxx, and wow.xxx (together, "Defendants").

### PRELIMINARY STATEMENT

1.      Plaintiff is among the world's leading premium adult entertainment content providers. Plaintiff owns one of the largest extant libraries of original adult-themed video material. A majority of Plaintiff's content is and was produced in the United States.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 1

2.      Plaintiff methodically registers its video content with the United States Copyright Office, resulting in over 42,000 valid registrations (the "Works"). The Works at issue in this action were registered with the United States Copyright Office prior to the commencement of the infringement alleged herein, or within three months of their first publication.

3.      By this lawsuit, Plaintiff seeks to protect thousands of its registered, copyrighted audiovisual Works from blatant infringement by Defendants.

4.      In August 2023, Plaintiff's predecessor, MG Premium Ltd, rebranded and changed its name to Aylo Premium Ltd. The name change from MG Premium Ltd to Aylo Premium Ltd did not result in any transfer, assignment, or disruption of any rights or ownership of the Works.

5.      Plaintiff monetizes its Works by operating premium subscription-based websites that provide members with exclusive access to high quality adult entertainment content, including unlimited viewing of its extensive library of professionally produced audiovisual Works.

6.      The conduct that gives rise to this lawsuit is egregious and willful. Defendants own and operate websites located at the domain names freeporn.gg, fullhd.xxx, fullporn.xxx, fullporno.xxx, fullvideos.xxx, omg.xxx, and wow.xxx (collectively the "Full Network"). Collectively, Defendants use the Full Network domain names to distribute infringing copies of audiovisual and image works, including Plaintiff's Works.

7.      Defendants are directly and knowingly involved in the trafficking of tens of thousands of pirated works—including 5,923 registered works owned by Plaintiff—on 6,787 individual web pages.

8.      The Full Network websites are not typical user-generated content ("UGC") platforms. The websites include an anonymous upload feature that does not require user registration, age verification, or login credentials, but testing confirmed that submitted content is not automatically published.

9.      After a user submits content, the website displays the message, "Thank you! Video has been created successfully. It will take some time for it to be processed." Test videos submitted

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 2

**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

through this feature were never made publicly available, demonstrating that Defendants retain editorial control over whether content is approved, processed, and displayed on the Full Network websites.

10.     As a result of this discretionary control, Defendants are not entitled to the safe harbor protections afforded under Section 512 of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. Defendants operate the Full Network as curated infringement platforms rather than passive hosting services and fail to comply with the statutory requirements necessary to invoke safe harbor protection, including adherence to proper DMCA takedown procedures. Instead, Defendants systematically refuse to act on valid and compliant takedown notices. Further, on information and belief, Defendants have failed to designate and register a DMCA agent with the United States Copyright Office as required by 17 U.S.C. § 512(c)(2), independently disqualifying them from safe harbor protection.

11.     Defendants' actions are causing serious harm to Plaintiff and its business and must be stopped immediately. Because Defendants will not desist voluntarily, Plaintiff now comes before this Court to seek injunctive relief and damages.

**JURISDICTION AND VENUE**

12.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

13.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement under 28 U.S.C. §§ 1331 and 1338.

14.     Defendants Igor Ka and Does 1–20 (the "Defendants") are individuals or entities that own and operate websites located at the uniform resource locators ("URLs") freeporn.gg, fullhd.xxx, fullporn.xxx, fullporno.xxx, fullvideos.xxx, omg.xxx, and wow.xxx (collectively the "Full Network").

15.     Defendants own and operate the Full Network websites.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 3

FREEMAN LAW FIRM, INC.
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

16. Defendants act in concert with each other in the operation of the Full Network websites.

17. Defendants operate the Full Network for purposes of the copyright infringement alleged herein.

18. Defendants knowingly and purposefully market to and target the entire United States, including residents of this District, through the Full Network.

19. Specifically, the Full Network websites display geo-targeted advertisements to United States users, confirming that the operators have the technical capability to identify the general location of each visitor and serve ads accordingly. These advertisements are tailored to United States markets and include promotions specific to this judicial district, further evidencing Defendants' intentional targeting of United States-based and district-specific traffic.[1]

20. Defendants entered into agreements with United States-based service providers for the purpose of operating Full Network.

21. GoDaddy.com, LLC ("GoDaddy"), an ICANN Accredited Registrar, based in Tempe, Arizona, is the registrar for the domain names in the Full Network. To register a domain and use GoDaddy's services, users must follow GoDaddy's process to enter into an agreement. This includes selecting an available domain name and providing customer information such as name, billing address, email, payment details, and DNS information. Defendants therefore have a direct contractual relationship with GoDaddy.

22. In response to a DMCA Subpoena issued by Plaintiff, GoDaddy provided the login and payment history for Full Network domains showing the operators controlling the Full Network domains. This information includes the operator's first name, last name, address, phone number, email address, creation and change history, and payment records.

---

[1] Attached as **Exhibit A** is a true and correct copy of web pages from the Full Network websites, redacted to conceal images of nudity, that shows geo-targeted advertising, including in this circuit.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 4

23.    Payments to GoDaddy were made in US dollars and processed using a MasterCard, a Chase Bank-issued Visa, and California-based PayPal.[2]

24.    On information and belief, Defendants use at least two content delivery network (CDN) providers to deliver infringing content to users including Cloudflare, Inc., a Delaware corporation headquartered in California.

25.    Full Network websites include a dedicated "2257 compliance page" that references 18 U.S.C. § 2257, a United States federal statute governing recordkeeping for sexually explicit content. By invoking this statute and inviting users to report unlawful material, Defendants intend for United States viewers to use the Full Network.

26.    The Full Network websites include DMCA Notice pages containing industry-standard language and instructions for submitting notifications of alleged copyright infringement under the Digital Millennium Copyright Act, specifically Title 17, Section 512(c)(2) of the United States Code. But in practice, following these instructions does not result in the removal of infringing content, nor does it lead to the termination of repeat infringers, as required under the DMCA.

27.    Based on a website analysis overview from Similarweb.com, an industry-trusted website analytics company, covering the one-month period ending January 31, 2026, the Full Network averaged approximately 40 million monthly visitors. United States visitors were approximately 11% (approximately 2,886,988 United States visitors in January).[3]

28.    Based on the SimilarWeb report, for the one-month period ending January 31, 2026, Internet traffic driven to the Full Network from social media platforms came predominantly from United States-based entities such as California-based YouTube, which accounted for an average of

---

[2] Attached as **Exhibit B** is a true and correct copy of the DMCA Subpoena response from GoDaddy.com, LLC displaying the operator's information and payment history.

[3] Attached as **Exhibit C** are the Full Network SimilarWeb Reports.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 5

58% of social media-driven traffic; Instagram, which accounted for 12.21%; Reddit, Inc., which accounted for 5%; and Texas-based X.com (formerly Twitter) accounted for 10%. *See* Exhibit C.

29.    The Full Network websites use Google Tag Manager, an analytics and website management service provided by Google LLC, a Delaware corporation headquartered in California. Google Tag Manager allows website operators to deploy tracking and analytics tools through a registered Google account associated with a unique tag identifier. For example, the website wow.xxx deploys Google Tag Manager Identifier G-V9M7LCBED6.[4]

30.    Use of Google Tag Manager requires the operator to register with Google and agree to Google's Terms of Service, which provide that disputes are resolved exclusively in the federal or state courts located in Santa Clara County, California, and that the user consents to personal jurisdiction in those courts.

31.    By registering for and using Google Tag Manager in connection with the operation of the Full Network websites, Defendants entered into contractual relationships with a United States company and purposefully availed themselves of U.S. jurisdiction.

32.    Defendants' use of United States vendors, United States-based advertisers, geo-targeted ads, and other key services illustrates that Defendants are expressly aiming their website and business at the United States market.

33.    On information and belief, Defendants all transact business in this judicial district through their interactive website and through their interaction with the United States and Washington residents who have been offered the infringing content on the Full Network and who have, themselves, engaged in acts of infringement in this District and State. The Court has personal jurisdiction over Defendants, who have engaged in business activities in and directed to this District and have committed tortious acts within this District or directed at this District. Defendants are subject to service of process under the state Long-Arm Statute and Fed. R. Civ. P. 4(e).

---

[4]  *See* view-source:https://www.wow.xxx/privacy/ at Lines 1103 to 1111.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 6

**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

34.    Any alien defendant is also subject to jurisdiction in any district. *See* 28 U.S.C. 1391 ("An alien may be sued in any district."); *see also* Fed. R. Civ. P. 4(k)(2).

35.    Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district and/or because Defendants are subject to the court's personal jurisdiction with respect to this action.

## PARTIES

36.    Aylo Premium Ltd has at all relevant times been a private limited liability company organized under the laws of the Republic of Cyprus with its head office at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus 2540. Aylo owns the copyrights associated with many well-known trademark-protected brands of adult content, including "Reality Kings," "Brazzers," "MOFOS," "Babes.com," and "Twistys," among others.

37.    Plaintiff owns one of the largest portfolios of premium adult-oriented audiovisual content in the world. Plaintiff routinely registers copyrights in its content with the United States Copyright Office.

38.    Plaintiff owns over 42,000 registered copyrights to legal adult videos.[5]

39.    Attached as **Exhibit D** is a schedule of the copyright registrations for Plaintiff's works at issue in this lawsuit (the "Plaintiff's Works").[6]

40.    Plaintiff licenses its videos for valuable consideration, including for display on subscription-based websites. Plaintiff has never authorized or given consent to Defendants to use its Works on Defendants' website.

---

[5] To comprehend the size of Plaintiff's registered library of over 42,000 films, "[o]ver its 50-year history, the MPAA has rated a total of 29,791 films." *See* https://www.motionpictures.org/press/mpaa-celebrates-50-years-of-film-ratings (2018).

[6] Also attached as **Exhibit E** are ten examples of the 5,923 copyright registrations for Plaintiff's Works pertinent to this case.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 7

FREEMAN LAW FIRM, INC.
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

41.     On information and belief, Defendant Igor Ka is an individual whose physical address is currently unknown but who resides outside the United States.

42.     Plaintiff's investigation confirms that the contact information associated with Defendant Igor Ka is inaccurate or falsified. The GoDaddy subpoena production identified an address for Igor Ka as "Steven 19, Albion, ID, 115582, US." Plaintiff's agent investigated this address using publicly available and commercial verification tools and determined that it does not correspond to a valid United States location. Google Maps reflects no such address in Albion, Idaho, and the postal code "115582" corresponds to Moscow, Russian Federation, not Idaho. Plaintiff's agent further used Melissa Data Corporation's Global Address Check service, a commercial international address verification platform used for address standardization and validation, which likewise returned no valid match for the listed address. The United States Postal Service ("USPS") Zip Code by Address tool also failed to identify the address as valid or deliverable within the United States. The GoDaddy production also listed the telephone number +1.903.687.0067, which, upon investigation, was found to be disconnected. The use of demonstrably false contact information in connection with the registration and operation of the Full Network domains further evidences Defendants' efforts to conceal their identity while continuing the infringing activities alleged herein.

43.     Defendants own and operate the Full Network websites located at freeporn.gg, fullhd.xxx, fullporn.xxx, fullporno.xxx, fullvideos.xxx, omg.xxx, and wow.xxx.

44.     The Full Network domains are registered through GoDaddy.com, LLC, a United States-based registrar operator and governed by registry agreements enforceable under United States law. Therefore, this domain falls within the scope of United States legal jurisdiction and is subject to enforcement through United States-based registry infrastructure.

45.     The .xxx registry is ICM Registry LLC.[7]

---

[7] ICM Registry LLC is the ICANN-contracted registry operator for the .xxx top-level domain. As the registry, ICM Registry LLC maintains the authoritative registry database and DNS infrastructure for .xxx domains and provides

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 8

**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

46.     The .gg registry is Island Networks Ltd.[8]

47.     The Full Network websites are available in the United States.

48.     Defendants operate the Full Network with the intention of broadcasting, distributing, or making available content in the United States and earning money from the United States market.

49.     Defendants are the owners, operators, shareholders, executives, and/or affiliates of the Full Network. Plaintiff is unaware of the true names or capacities of the Doe Defendants. Plaintiff is informed and believes, and on that basis alleges, that the Defendants either (a) directly performed the acts alleged here, (b) were acting as the agents, principals, alter egos, employees, or representatives of the owners and operators of the Full Network, and/or (c) otherwise participated in the acts alleged here with the owners and operators of the Full Network. Accordingly, the Defendants each are liable for all the acts alleged here because they were the cause in fact and proximate cause of all injuries suffered by Plaintiff as alleged here. Plaintiff will amend the complaint to state the true names of the Defendants when their identities are discovered.

### STATEMENT OF FACTS

50.     The Full Network websites display pirated copyrighted adult entertainment content without authorization or license.

51.     On information and belief, all of the video and image content on the Full Network domains are placed onto Full Network by the owners and/or operators of the domain. That is, the website's visitors cannot directly upload and allow the display of any content to the Full Network without Defendants' review and approval.

---

wholesale registry services to ICANN-accredited registrars. ICM Registry LLC operates as part of GoDaddy Registry, a division of GoDaddy, Inc.

[8] Island Networks Ltd. is the registry operator for the .gg country code top-level domain ("ccTLD"), which is assigned to the Bailiwick of Guernsey. As the registry, Island Networks Ltd. maintains the authoritative registry database and DNS infrastructure for .gg domain names and provides wholesale registry services to domain name registrars.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 9

FREEMAN LAW FIRM, INC.
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

52.    Defendants monetize their copyright infringement on the Full Network through advertising banners visible on the site. On information and belief, advertising is the only way the Full Network makes money.

53.    Besides displaying static banner advertisements, the Full Network website shows visitors pop-up advertisements.

54.    On the Full Network, Plaintiff's Works are easily searchable by brand name. Entering a brand name sends visitors to comprehensive pages that display the Plaintiff's Works, optimized for search engines with relevant keywords such as brand names, actors' names, and other descriptive details.

55.    Defendants place a "Download" link below each video on the Full Network. When a user clicks "Download," the user is prompted to save the infringed video on their local hard drive.

56.    Defendants allow users to share videos from the site on any other website or social media site, including Telegram, Facebook, and X (formerly Twitter). This functionality, along with the ability to download full-length videos, makes it impossible to know where and how many times the copyrighted videos have been posted and displayed illegally as a direct result of Defendants' unlawful display.

57.    The Full Network does not meet the requirements for the safe harbor provisions of the DMCA. Specifically, Defendants do not honor take-down notices.[9]

58.    On information and belief, Defendants upload infringing materials onto the Full Network domain names and are the sole source of infringing content on the Full Network.

59.    Plaintiff's agents routinely police websites to identify infringement of Plaintiff's Works. Those investigations revealed that thousands of Plaintiff's Works are available on the Full

---

[9] Plaintiff has sent over 48,858 DMCA-compliant takedown notifications to Defendants using the contact email provided by Defendants' DMCA Pages and the additional contacts produced in response to DMCA subpoenas. The most recent notice, which identified the registrations and linked URLs at issue here, was sent on February 22, 2026. A majority of the URLs displaying unlicensed content were reported at least 4 times and up to 9 times. Every one of the notices was ignored.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 10

FREEMAN LAW FIRM, INC.
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

Network. Defendants have no license or authorization from Plaintiff to copy or display Plaintiff's Works.

60.    As of February 18, 2026, Plaintiff has identified that the Full Network websites displayed at least 5,923 of Plaintiff's Works at 6,787 URLs. **Exhibit F** to this complaint identifies the copyright registrations for each of Plaintiff's Works and the URLs where Defendants displayed them. Defendants have no authority or license to display or distribute any portion of Plaintiff's Works on the Full Network websites. The infringement alleged herein is ongoing and continuous; upon information and belief, the Full Network websites continue to publicly display and distribute Plaintiff's Works without authorization as of the date of this filing, and Defendants have taken no steps to remove or disable access to the infringing content.

61.    Each of these 6,787 URLs on Defendants' websites display one or more of Plaintiff's Works.

62.    Plaintiff has demanded that Defendants remove Plaintiff's Works from the Full Network by sending a series of takedown notices in accordance with the takedown provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512(c). Plaintiff (as Aylo Premium Ltd or MG Premium Ltd) submitted DMCA-compliant takedown notices seeking to remove over 6,787 links to its Works from the Full Network. As of the filing of this complaint, Plaintiff or its agents sent DMCA-compliant takedown notices identifying every URL listed in **Exhibit F** to the email addresses Defendants provided on the Full Network websites for takedown communications, yet as of the date of this filing, 100% of the reported URLs remained active.

63.    Further, Plaintiff (as Aylo Premium Ltd or as MG Premium Ltd) sent DMCA-compliant Takedown Notices under 17 U.S.C. § 512(c) to Google, LLC in an attempt to have links to its Works being infringed on the Full Network websites removed from Google.com search results.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 11

FREEMAN LAW FIRM, INC.
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

Plaintiff frequently sends requests to Google, LLC to remove indexed links to infringing uses of its Works on Google.com.[10]

64.    None of the DMCA takedown notices Plaintiff's sent to the Defendants were returned as undeliverable.

65.    Defendants did not remove any content identified in the takedown notices or respond to any of Plaintiff's DMCA takedown notices. On information and belief, Defendants have actual knowledge and notice of their infringement of Plaintiff's Works. Defendants' infringement is unmistakable even to a casual observer. Defendants' use of Plaintiff's brand names to index infringing material to facilitate searching underscores that Defendants know they are using Plaintiff's Works.

66.    Through the conduct alleged here, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiff's Works.

67.    Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiff of the lawful monetary rewards that accompany its rights in the Works. Defendants' disregard for copyright laws threatens Plaintiff's business.

68.    Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on the Full Network websites.

69.    Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' websites onto copyright holders, without sufficient means to prevent continued and unabated infringement.

---

[10] Aylo Premium Ltd, formerly MG Premium Ltd, has filed 1,156,870,322 requests to remove links to infringing uses of its content from Google.com, making it the world's second top copyright owner to request removals. Penguin Random House LLC is in first position with 1,524,393,955 requests, and HarperCollins Publishers LLC follows in third with 1,040,066,676 requests. *See* https://transparencyreport.google.com/copyright/overview?browse_copyright=ce:owner;size:6&lu=browse_cop yright&hl=en (last visited on February 18, 2026).

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 12

**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

## **FIRST CAUSE OF ACTION**

### **Copyright Infringement – 17 U.S.C. §§ 101 *et seq.***

### **Against All Defendants**

70.    Plaintiff re-alleges the allegations set forth in the preceding paragraphs.

71.    Plaintiff owns the copyright in each of the Plaintiff's Works.

72.    Plaintiff has valid registrations with the United States Copyright Office for each of the Plaintiff's Works, which were registered with the United States Copyright Office prior to the commencement of the infringement alleged herein, or within three months of their first publication.

73.    Defendants have infringed, and are continuing to infringe Plaintiff's copyrights by uploading, reproducing, adapting, distributing, publicly performing, and/or publicly displaying and authorizing others to reproduce, adapt, distribute, publicly perform, and/or publicly display copyrighted portions and elements of the Plaintiff's Works, and/or the Plaintiff's Works in their entireties, without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

74.    Defendants did not have authority or license to copy or display any of the Plaintiff's Works.

75.    Plaintiff has never authorized or given consent to Defendants to use any of the Plaintiff's Works in the manner displayed and exploited by Defendants.

76.    Defendants knew or should have known they did not have permission to exploit the Plaintiff's Works on the Full Network websites and further knew or should have known their acts constituted copyright infringement.

77.    The quantity and quality of videos available to users on the Full Network websites increased the attractiveness of the Full Network websites to its customers, increased its user base, and increased its advertising sales revenue.

78.    On information and belief, Defendants actively uploaded pirated copyrighted files, enabling users of the Full Network to view copyrighted videos and images for free.

**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

79.    Defendants controlled pirated files of Plaintiff's Works and decided which files to display on the Full Network websites.

80.    On information and belief, Defendants were aware of or were willfully blind to the fact that pirated copyrighted materials comprised the most popular videos on the Full Network websites.

81.    Defendants, through the Full Network websites, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

82.    As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

83.    Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Plaintiff's Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement

**Against All Defendants**

84.    Plaintiff re-alleges the allegations in the preceding paragraphs.

85.    Unknown individuals, without authorization, reproduced and distributed Plaintiff's Works through Defendants' websites, directly infringing Plaintiff's Works.

86.    Defendants contributed to the infringing acts of those individuals.

87.    Defendants were aware, should have been aware, or were willfully blind to the infringing activity.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 14

FREEMAN LAW FIRM, INC.
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

88.    Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's Works through the Full Network without regard to copyright ownership.

89.    Defendants had the ability and obligation to control and stop the infringements and failed to do so.

90.    On information and belief, Defendants materially contributed to or induced the infringement.

91.    Defendants have knowingly induced, caused, and/or materially contributed to the unauthorized reproduction, adaptation, public display, and/or distribution of copies of Plaintiff's Works, and thus to the direct infringement of Plaintiff's Works.

92.    On information and belief, Defendants, as the owners and/or operators of the Full Network, received direct financial benefits from the infringements of the Plaintiff's Works on the Full Network.

93.    Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in Plaintiff's Works in violation of the Copyright Act.

94.    Defendants' acts of infringement were willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

95.    As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

96.     Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Plaintiff's Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 15

FREEMAN LAW FIRM, INC.
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

# THIRD CAUSE OF ACTION

## Vicarious Copyright Infringement

### Against All Defendants

97.    Plaintiff re-alleges the allegations in the preceding paragraphs.

98.    Unknown individuals, without authorization, reproduced and distributed Plaintiff's Works through Defendants' websites, directly infringing Plaintiff's Works.

99.    Defendants had a right and ability to supervise or control that infringing conduct and failed to do so.

100.    Defendants directly benefitted financially from the infringing activity.

101.    The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

102.    The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

103.    As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

104.    Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Plaintiff's Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

\\\

\\

\

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 16

FREEMAN LAW FIRM, INC.
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

## FOURTH CAUSE OF ACTION

### Inducement of Copyright Infringement

### Against All Defendants

105. Plaintiff re-alleges the allegations in the preceding paragraphs.

106. Defendants have induced copyright infringement. Defendants designed and/or distributed technology, devices, or products used in infringement on the Full Network websites.

107. Defendants intentionally designed, deployed, and maintain the Full Network websites and related infrastructure for the purpose of encouraging and facilitating widespread copyright infringement of Plaintiff's Works. This includes the use of search engine optimization techniques incorporating Plaintiff's trademarked brand names, actor names, and other descriptive metadata to drive Internet traffic to pages displaying Plaintiff's Works; the deployment of advertising systems that monetize user engagement with infringing content; the provision of prominent "Download" buttons enabling users to save full-length infringing copies of Plaintiff's Works to their local devices; and the integration of social media sharing tools that allow users to distribute links to infringing content on platforms such as Telegram, Facebook, and X (formerly Twitter), thereby amplifying the reach and impact of the infringement.

108. On information and belief, Defendants directly induced individuals to access, download, and redistribute infringing copies of Plaintiff's Works. Defendants accomplished this by promoting, recommending, and making available infringing content on the Full Network websites.

109. As a direct and proximate result of Defendants' actions, individuals reproduced, distributed, and publicly displayed Plaintiff's Works without authorization. These acts of infringement occurred through and because of Defendants' inducement.

110. Defendants' conduct constitutes inducement of copyright infringement under established law. Defendants knowingly took affirmative steps to foster infringement, and their actions were undertaken with the object of promoting infringement for commercial gain.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 17

111. Defendants' actions constitute inducing copyright infringement of Plaintiff's copyrights and exclusive rights under copyright in Plaintiff's Works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

112. The infringement of Plaintiff's rights in and to each of Plaintiff's Works constituted a separate and distinct infringement.

113. The acts of infringement by Defendants have been willful, intentional, purposeful, and in reckless disregard of and with indifference to Plaintiff's rights.

114. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

115. Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Plaintiff's Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aylo Premium Ltd prays that this Court enter judgment in its favor against Defendants on every claim for relief set forth above and award Aylo Premium Ltd relief including, but not limited to:

1. **Entry of Judgment.** A judgment declaring that Defendants have willfully infringed Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

2. **Permanent Injunction.** A permanent injunction enjoining Defendants and their officers, agents, servants, employees, and all persons acting in active concert or participation with them under Federal Rule of Civil Procedure 65(d)(2)(C) who receive actual notice of the

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 18

order, including domain name registrars, registries, hosting providers, and advertising partners, from:

   a. hosting, linking to, reproducing, distributing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting Plaintiff's Works, or any portion thereof, without authorization;

   b. operating, maintaining, promoting, hosting, or providing access to the websites comprising the Full Network: freeporn.gg, fullhd.xxx, fullporn.xxx, fullporno.xxx, fullvideos.xxx, omg.xxx, and wow.xxx;

   c. using, operating, maintaining, promoting, supporting, or providing any server, website, domain name, software, email account, social media account, advertising account, bank account, payment processing system, or other online or financial infrastructure in connection with the infringement of Plaintiff's Works;

   d. enabling, facilitating, soliciting, encouraging, or inducing, directly or indirectly, any user or third party to access, locate, or visit any website or online location that infringes Plaintiff's Works; and

   e. assisting, aiding, or abetting any person or entity in engaging in the foregoing conduct.

3. **Disabling the Full Network.** An order directing registrars, registries, hosting providers, and other service providers receiving actual notice of the order to take reasonable technical measures necessary to disable access to the Full Network domains, associated subdomains, URLs, and supporting infrastructure used to facilitate infringement, including disabling DNS resolution, redirecting domain name traffic, or implementing other reasonable technical measures necessary to disable or prevent public access to the Full Network domains and associated infrastructure;

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 19

FREEMAN LAW FIRM, INC.
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

4. **Domain Name Relief.** An order directing any domain name registrars associated with the Full Network domain names, including GoDaddy.com, LLC, any successor registrar, and any registries or registrars with custody or control of the domain names freeporn.gg, fullhd.xxx, fullporn.xxx, fullporno.xxx, fullvideos.xxx, omg.xxx, and wow.xxx, upon receipt of notice of the order, to:

    a.  immediately lock the subject domain names;

    b.  transfer ownership and control of the subject domain names to Plaintiff or to a registrar designated by Plaintiff; and

    c.  desist from transferring, modifying, concealing, or attempting to transfer registration or control of the subject domain names to any other registrant or registrar other than as directed by this Court.

5. **Registry-Level Relief.** An order directing any applicable top-level domain registry operators or administrators, including without limitation ICM Registry LLC (.xxx) and Island Networks Ltd. (.gg), to take all reasonable steps necessary to effectuate suspension, transfer, redirection, or other technical enforcement measures consistent with the order.

6. **Anti-Circumvention Relief.** An order prohibiting Defendants from registering, transferring, or using any additional domain names, websites, or online locations for the purpose of continuing or resuming the infringing conduct described in this Complaint.

7. **Successor and Mirror Websites.** The injunction shall apply to any successor websites, mirror websites, replacement domains, or substantially similar online locations operated by Defendants, or by persons acting in concert with them, that are used to continue the infringing conduct described herein.

8. **Expansion Authority.** An order permitting Plaintiff to seek application of the injunction to additional domain names or websites upon a showing that such domains are operated by Defendants or persons acting in concert with them.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 20

**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

9. **Compliance Report.** An order requiring Defendants, within thirty (30) days of entry of any injunction, to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with the order.

10. **Statutory and Actual Damages.** An award of statutory damages under 17 U.S.C. § 504(c), or, at Plaintiff's election, Plaintiff's actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b), in an amount to be determined at trial or upon default.

11. **Accounting for Profits.** That Defendants be ordered to account to Plaintiff for all profits, gains, and advantages that they have realized through their unauthorized use of Plaintiff's Works.

12. **Costs and Attorneys' Fees.** An award of Plaintiff's full costs, reasonable attorneys' fees under 17 U.S.C. § 505, and enhanced statutory damages for willful infringement as permitted under 17 U.S.C. § 504(c).

13. **Further Relief.** That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  March 31, 2026

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 21

**FREEMAN LAW FIRM, INC.**
935 Fawcett Avenue
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

**FREEMAN LAW FIRM, INC.**

By /s/ *Spencer D. Freeman*

Spencer D. Freeman, WSBA No. 25069
1107 ½ Tacoma Avenue South
Tacoma, Washington 98402
253-383-4500
253-383-4510 (fax)
sfreeman@freemanlawfirm.org


**ETHAN JACOBS LAW CORPORATION**

By /s/ *Ethan Jacobs*

Ethan Jacobs (*pro hac vice forthcoming*)
100 Pine Street, Suite 1250
San Francisco, California 94111
415-275-0845
ethan@ejacobslaw.com


*Counsel for Plaintiff Aylo Premium Ltd*

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 22